ROBERT E. BOONE III (SBN 132780)
JENNIFER A. JACKSON (SBN 192998)
KAMAO C. SHAW (SBN 253350)
reboone@bryancave.com
jjackson@bryancave.com
kamao.shaw@bryancave.com
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:  (310) 576-2100
Facsimile:    (310) 576-2200

THOMAS E. GILBERTSEN (*pro hac vice*)
tgilbertsen@venable.com
VENABLE LLP
575 7th St., N.W.
Washington, D.C. 20004
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

Attorneys for Defendant
BANK OF AMERICA, N.A.
(erroneously sued as "Bank of America Corporation")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WHITE, et al.,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>BANK OF AMERICA CORPORATION; et al.,<br><br>                    Defendants. | Case No. CV11-06797 R (Ex)<br><br>Honorable Manuel L. Real<br><br>**PROTECTIVE ORDER**<br><br>[Filed Concurrently with Stipulation Regarding [Proposed] Protective Order] |

1    Pursuant to the stipulation of the parties, IT IS ORDERED THAT:

2    1.    <u>Definitions of Confidential Information and Restricted Information</u>.  As

3    used herein, "Confidential Information" or "Restricted Information" shall mean

4    information which constitutes, reflects or discloses confidential, competitively

5    sensitive, proprietary and/or trade secret information of the Designating Person, or

6    information that is protected from disclosure by the privacy rights of customers or other

7    third parties, which the Designating Person wishes to maintain in confidence.  Any

8    party to the above-captioned action shall have standing to designate as Confidential

9    Information or Restricted Information any information that was created by or

10   communicated to or from an employee, or agent, of that party.  "Designating Person"

11   means the party, or third person or entity, who designates documents, testimony or

12   information as Confidential Information or Restricted Information under this Order.

13   2.    <u>Use of Confidential Information or Restricted Information</u>.  All documents

14   or information produced or to be produced by any party in connection with this

15   litigation which have been designated by the producing party as Confidential

16   Information or Restricted Information shall be used only for the purpose of this

17   litigation, including trial preparation and trial.

18   3.    <u>Disclosure of Confidential Information</u>.  Except as otherwise provided by

19   stipulation of counsel, which stipulation must include counsel for the designating party,

20   or order of the Court upon a showing of good cause, no document containing

21   Confidential Information, including information contained therein, shall be furnished,

22   shown, or disclosed to any person except:  (1) counsel for the parties to this action and

23   paralegals and other professional personnel employed by said counsel assisting those

24   attorneys in the preparation and trial of this action; (2) retained experts and consultants

25   who are assisting said counsel in preparation and/or trial; (3) the parties or

26   representatives of the parties having responsibility for the prosecution or defense of the

27   case; and (4) the Court and jury, as necessary for purposes of trial and/or motions,

28   and/or any appeal.  However, such Confidential Information may be disclosed to a

1

**[PROPOSED] PROTECTIVE ORDER**

witness at deposition or trial for the purpose of examining the witness if necessary. Except for purposes of impeachment of a party hereto, prior to disclosing the Confidential Information to the witness, counsel for the examining party shall, if appropriate, advise counsel for the designating party that he or she intends to use Confidential Information with the witness. In addition, the witness shall be required to sign the form specified in paragraph 5 of this Order prior to disclosure of the Confidential Information.

4. <u>Disclosure of Restricted Information</u>. Except as otherwise provided by stipulation of counsel, which stipulation must include counsel for the designating party, or order of the Court upon a showing of good cause, material designated as "Restricted Information," copies or extracts therefrom and information therein, may be given, shown, made available to, or communicated in any way only to: (1) counsel for the parties to this action and paralegals and other professional personnel employed by said counsel assisting those attorneys in the preparation and trial of this action; (2) retained experts and consultants who are assisting said counsel in preparation and/or trial and to whom it is necessary to disclose such information for purposes of this litigation; (3) the Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal; and (4) the author or a prior recipient of the document containing the Restricted Information. Material designated as "Restricted Information" shall not be furnished, shown or disclosed to the parties or their representatives.

5. <u>Acknowledgment (Exhibit A)</u>. Each person to whom Confidential Information or Restricted Information is disclosed by counsel shall be provided with a copy of this Order. Prior to being given access to these materials, each such person shall acknowledge in writing his or her agreement to be bound by the terms of this Order by executing the form specified in Attachment A hereto.

6. Any attorney who discloses Confidential Information or Restricted Information shall maintain in his or her office an executed acknowledgment in the form of Attachment A from each person to whom such Confidential Information or

2

1 Restricted Information has been disclosed.

2        7.    <u>Designating Confidential Information or Restricted Information</u>.  In

3 connection with the production of documents in this action, any Designating Person

4 may stamp, mark or otherwise designate any document comprising, containing or

5 referring to Confidential Information produced or to be produced by it in connection

6 with this litigation as "Confidential -- Subject to Protective Order."  Similarly,

7 Restricted Information shall be stamped, marked or otherwise designated as "Restricted

8 -- Attorney's Eyes Only -- Subject to Protective Order."

9        8.    <u>Depositions</u>.  In connection with the taking of any deposition in this action:

10          a.    The party who noticed or requested the deposition shall, prior to the

11 commencement of testimony at such deposition, serve a copy of this Order upon

12 the officer reporting the deposition.  Such officer shall acknowledge service of a

13 copy of this Order, and shall agree that he/she, his/her employees, and his/her

14 agents shall be bound by the terms of this Order, and shall make no use or

15 disclosure of Confidential Information or Restricted Information unless

16 expressly permitted by the terms of this Order, or by the express consent of all

17 parties and any Designating Person who are or may become subject to the

18 provisions of this Order.  Such officer shall provide copies of the deposition

19 transcript or deposition exhibits only to attorneys for the parties and, if the

20 deposition is of a third person or entity, to that deponent or his/her attorney.

21 Depositions at which Confidential Information or Restricted Information is to be

22 disclosed shall be attended only by persons authorized hereunder to have access

23 to such information.

24          b.    Counsel for any party hereto may, either during any such deposition

25 or within thirty days of receipt of the transcript, designate the deposition

26 transcript along with the deposition exhibits, or any portion thereof, as

27 Confidential Information or Restricted Information.  If the deposition is of a

28 third person or entity not joined herein, that third person or entity may use the

3

same designation process set forth in this Paragraph.

c.    Relating to deposition testimony, the witness or his counsel shall invoke the provisions of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Restricted." No person shall attend those portions of the depositions designated "Confidential" or "Restricted" unless such person is an authorized recipient of classified information under the terms of this Order. Any court reporter who transcribes "Confidential" or "Restricted" testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "Confidential" or "Restricted" testimony is and shall remain as such and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "Confidential" or "Restricted," as appropriate, and will be retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

9.    When a party to this Order designates the testimony (including proposed testimony) of a person being deposed as Confidential Information or Restricted Information, and objection is made to such designation, such testimony shall not be withheld because such objection has been made to the Confidential Information or Restricted Information designation. Such testimony shall be treated as Confidential Information or Restricted Information until a stipulation or order on motion that it should not be so treated.

10.    Amendments. Any part or parts of this Order may be amended at any time by court order pursuant to written stipulation of the parties hereto or by order of this Court for good cause shown.

11.    Objecting to Designations. If a party to this Order objects to the designation of any Confidential Information or Restricted Information, that party shall

4

so notify the designating party in writing, identifying the Confidential Information or Restricted Information as to which objection is made.  The designating party shall respond within ten business days from receipt of such notice.  If the parties cannot agree with respect to the treatment to be accorded the material that has been designated as Confidential Information or Restricted Information, any party may seek a ruling from the Court with respect to the designation(s) to which it has objected.  The party seeking to maintain the Confidential Information or Restricted Information shall bear the burden of establishing such status is warranted.  Pending the Court's ruling, the provisions of this Order shall remain in force.

12.    <u>Filing or Lodging Confidential Information or Restricted Information</u>.  The parties shall comply with Rule 79-5 of the Central District of California Local Rules in connection with filing or lodging with the Court documents or information designated as Confidential Information or Restricted Information under this Order.  Such documents or information shall be sealed in a clearly marked envelope and opened only upon further direction of this Court.  No documents filed under seal shall be made available to third parties or the public except by further order of this Court or in accordance with the terms, including the permitted uses specified at Paragraphs 3 and 4, of this Order.

13.    <u>No Admissions or Waivers</u>.  The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

14.    <u>Third Parties</u>.  Nothing in this Order shall be construed as prejudicing or limiting the right of third persons or entities not joined herein from pursuing any and all remedies available to them.  If such third person or entity chooses to make a Confidential Information or Restricted Information designation in compliance with this Order, the third person shall be deemed to have submitted the question of validity of

any challenged designation to the jurisdiction of this Court.

15. <u>Discovery and Use of Confidential Information and Restricted Information in Court</u>. This Order shall not prevent or limit any party from using Confidential Information in discovery or in court. This Order shall not prevent or limit any party from using Restricted Information in court or with respect to depositions of those persons authorized under this Order to view Restricted Information. Additionally, documents or interrogatory responses which have been designated as Restricted Information may be used at the deposition of the party which produced the Restricted Information. Any document or interrogatory responses designated as Restricted Information and used in a deposition under the terms set forth in this Order which is desired to be attached as an exhibit to said deposition shall be sealed and separately bound from the testimony and exhibits which are not marked as Restricted Information.

16. With respect to the use of Restricted Information in court, the party seeking to reference or introduce Restricted Information shall notify the producing party (and, if not the same person or entity, the Designating Person) before any pre-trial hearing or trial. Counsel for any party may seek to exclude from hearing or trial any person (other than the witness then testifying) who is not authorized under this Order, during any presentation or questioning that involves Restricted Information, upon motion to the Court in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. The parties' agreement to the terms of this Paragraph shall not constitute an agreement that such an exclusion may be appropriate in this proceedings.

17. <u>Procedure Following Conclusion of Litigation</u>. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation. Upon resolution of this action in the trial court, all Confidential Information or Restricted Information shall be held by counsel pending final resolution of this litigation by appeal or otherwise. Within 90 days after such final resolution, all documents containing Confidential Information or Restricted Information, including all copies, summaries, and compilations, shall be destroyed or, at

**[PROPOSED] PROTECTIVE ORDER**

the request of producing counsel, be returned.  Each party is responsible for such return or destruction shall certify to all other counsel of record that such destruction or return in fact took place.

18.     Notwithstanding Paragraph 17 above, counsel are not required to destroy legal memoranda or opinion letters and other attorney-client privilege or work product document that may contain references to or information extracted from said documents, and all such memos and correspondence may be retained in the attorney's files. However, the confidentiality of documents and information is otherwise to be protected in accordance with the terms of this Order.

19.     <u>Miscellaneous</u>.  Nothing contained in this Order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

20.     Nothing contained in this Order is intended to or shall be deemed or limit either party from any further use of Confidential Information or Restricted Information (or information derived therefrom) which that party or its agent has itself produced, generated or obtained other than through discovery in this action.

21.     Except as specifically provided herein, the terms, conditions and limitations of this stipulation and Order shall survive the termination of this action.

DATED:  October 24, 2011          _____

Honorable Manuel L. Real
United States District Court Judge

ATTACHMENT "A"

VERIFIED ACKNOWLEDGMENT

I, the undersigned, do hereby declare:

I have read the protective order in the subject lawsuit regarding confidential and proprietary documents ("Stipulated Protective Order").  I hereby agree to abide by the terms of the Stipulated Protective Order.

Executed this ___ day of _____, ____, at

_____, _____.

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28